**UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

In re:

Churchill Transportation Inc.,
    Debtor.

Case No. 15-10624-WCH

Chapter 7

**Motion of Chapter 7 Trustee For Authority To Sell Estate Property
Free and Clear of Liens at Public Auction Pursuant to 11 U.S.C. § 363**

Warren E. Agin, (the "Trustee"), the chapter 7 trustee duly appointed to administer the bankruptcy estate of the above-named debtor (the "Debtor"), hereby moves this Court pursuant to Sections 105(a), 363 and 506(c) of the Bankruptcy Code, for authority to sell by public auction the Debtor's following vehicles free and clear of all liens, claims, interests and encumbrances:

- a 2006 Ford Crown Victoria VIN 2FAFP71W06X165337;
- a 2008 Ford Crown Victoria VIN number 2FAFP71V68X111633 ;
- a 2008 Ford Crown Victoria VIN 2FAFP71V08X112213;
- a 2008 Ford Crown Victoria VIN 2FAFP71V98X112212;
- a 2008 Ford Crown Victoria 2FAHP71V08X136424;
- a 2005 Chrysler Town and Country VIN 2C4GP54L65R171232; and
- a 2005 Dodge Caravan VIN number 1D4GP25B75B240466 (all are the "Vehicles").

According to the Massachusetts Registry of Deeds, the 2008 Ford Crown Victoria VIN number 2FAFP71V68X111633 has a lien in the name of Robertson's Auto Salvage ("Robertson's"). The Trustee's office has communicated with Robertson's and Robertson's indicated that no debt is owed on the lien and that Robertson's will release the lien once a

title is located. The title is presently lost but the Trustee is working to release the lien and to obtain a duplicate title from the registry of Motor Vehicles. The Trustee requests that any liens, claims, interests and encumbrances be subordinated to certain administrative costs and expenses, as more specifically identified in the motion. In support of his motion, the Trustee states the following:

**Background**

1.  On February 25, 2015, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Thereafter, the Trustee was appointed as interim trustee and continues to serve as chapter 7 trustee.

2.  The property of the Debtor's estate includes an ownership interest in the Vehicles. According to the Debtor's schedules, the Vehicles have a total value of $5,876.00.

3.  The Trustee has no knowledge of any holders of liens or interest in the Vehicles, other than disclosed above, and other than potential tax liens of the IRS or Massachusetts Department of Revenue asserted against the Debtor's assets generally.

4.  The Vehicles are not subject to any exemption by the Debtor.

**Proposed Public Auction**

5.  A public auction conducted by a professional auctioneer will provide the most practical method for the Trustee to sell the Vehicles and likely will yield the largest return to the estate. Accordingly, the Trustee seeks this Court's authority to sell, pursuant to Section 363 of the Bankruptcy Code, the Vehicles at a public auction.

6.  The Trustee is filing a motion to employ Paul E. Saperstein Co., Inc. (the "Auctioneer") for the purpose of advertising, preparing for and conducting a public auction of the Vehicles. The Auctioneer will be conducting a public auction on June 19, 2015 at

11:00 am at 144 Center Street, Holbrook, Massachusetts, which auction will include automobiles and other Vehicles from other bankruptcy cases in this District (the "Scheduled Auction"). The Trustee seeks to include the Vehicle in the Scheduled Auction because it will reduce the costs associated with the sale of the Vehicle. The advertising costs will be shared with other bankruptcy estates.

7. Advertising for the auction will include (i) placement of a notice in the Boston Globe; (ii) notice on the Auctioneer's website; and (iii) circulation of flyers.

### Sale Free and Clear of Liens

8. Any sale of the Vehicles at the proposed auction is to be free and clear of all liens, claims, interests and encumbrances, if any. Known holders of liens, claims, interests, and encumbrances have been identified above. The proposed notice to creditors provides that other creditors that believe that they hold a lien, claim, interest or encumbrance in or to the Vehicles, must file an objection to this motion if they object to a sale of the Vehicles free and clear of their claim, or the payment of expenses identified in this motion pursuant to 11 U.S.C. § 506(c). Therefore, the Trustee requests that this Court's order authorizing the auction provide that any liens, claims, interests or encumbrances in or against the Vehicles sold at the auction attach to the sales proceeds after any expenses payable from proceeds pursuant to 11 U.S.C. § 506(c), to the same extent and in the same order of priority, as any such lien, claim, interest or encumbrance now attaches to or affects the Vehicles subject, in each case, to this Court's power to subsequently determine the validity, extent and priority of all such liens, claims, interests and encumbrances.

9. To the extent that creditors and/or parties asserting an interest in the Vehicles fail to timely object to the sale, that party shall be deemed to have consented to the

sale of the Vehicles free and clear of liens, claims, and encumbrances, with any proceeds sought therefrom by the creditor or interested party being chargeable pursuant to 11 U.S.C. § 506(c) on a pro-rata basis with the following costs of the sale and administrative expenses incurred by the estate in preserving the Vehicles and in connection with the auction sale.

10. The Trustee intends to seek authority to pay additional administrative expenses from the proceeds of the sale pursuant to 11 U.S.C. § 506(c), including compensation and expenses for the Trustee, Trustee's counsel, and auctioneer, as well as all transfer, storage and capital gains taxes, if any.

11. Absent an objection, the consent of the holder of a Claim can be implied from the circumstances of the sale. Generally, creditors who fail to object to the terms of a proposed sale are deemed to have waived their rights and are bound by the resulting sale order. *See, In re Allegheny Health Educ. and Research Foundation*, 383 F.3d 169, 177-178 (3rd Cir. 2004).

### Benefit to the Estate and Notice

12. The Trustee has determined that the estate will benefit most from the sale of the Vehicles by public auction, given the Auctioneer's experience and the practicality of a well-publicized auction. In addition, by virtue of the shared advertising expense, the return to the estate will be maximized by including the Vehicles in the Scheduled Auction.

13. Copies of this Motion have been served upon the United States Trustee, the Debtor's counsel, all holders of known liens or interests in the Vehicles, if any, and all parties that have requested notice of pleadings in this case.  The Trustee request that this Court find such service to be appropriate and sufficient notice in the particular circumstances.

WHEREFORE, the Trustee respectfully prays that this Court:

a. approve the proposed Notice of Proposed Public Sale Free and Clear of Liens attached hereto as Exhibit "A" as a proper notice of sale;

b. set a deadline for objections to the proposed sale and a hearing date on any objections;

c. order that any creditor and/or party in interest claiming an interest in the Vehicles be liable to the Estate for the following, to the extent specifically identified in the motion:

   (i) the pro rata costs of the sale of its collateral;

   (ii) costs incurred by the Trustee in the preservation and sale of the Vehicles; and

   (iii) a proportionate share of the administrative expenses incurred by the Trustee and Trustee's counsel in preparing and conducting the auction, and capital gains taxes, if any.

d. enter an Order in the form attached hereto authorizing the sale of the Vehicles;

e. authorize the Trustee to use sale proceeds immediately following the sale to satisfy secured claims, to the extent such interests are determined by the Trustee to be valid and perfected;

f. enter an order that the order authorizing the sale shall be effective when entered by the Court, notwithstanding Fed. R. Bankr. P. 6004(h); and

g. grant such further relief as this Court deems just and proper.

Dated: May 15, 2015.

                                            Warren E. Agin, as Trustee,
                                            By his Attorney,

                                            /s/Warren E. Agin
                                            Warren E. Agin (BBO 554242)
                                            **Swiggart & Agin, LLC**
                                            197 Portland Street
                                            Boston, MA 02114
                                            (617) 742-0110 x203
                                            wea@swiggartagin.com

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: | Case No. 15-10624-WCH |
| Churchill Transportation Inc., Debtor. | Chapter 7 |

**Notice Of Intended Public Sale Of Estate Property, Deadline For Submitting Objections And Higher Offers, And Hearing Date**

<u>**June 19, 2015**</u>   IS THE DATE OF THE PROPOSED SALE

<u>                   </u>   IS THE DATE BY WHICH OBJECTIONS MUST BE MADE

**Notice is hereby given**, pursuant to 11 U.S.C. §§ 105(a) and 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, that Warren E. Agin, the duly appointed chapter 7 trustee (the "Trustee") of the bankruptcy estate of the above named debtor (the "Debtor"), intends to sell at public sale the Debtor's right, title and interest in certain property of the estate consisting of:

**Property to be Sold:**

The following vehicles:

- a 2006 Ford Crown Victoria VIN 2FAFP71W06X165337;
- a 2008 Ford Crown Victoria VIN number 2FAFP71V68X111633 ;
- a 2008 Ford Crown Victoria VIN 2FAFP71V08X112213;
- a 2008 Ford Crown Victoria VIN 2FAFP71V98X112212;
- a 2008 Ford Crown Victoria 2FAHP71V08X136424;
- a 2005 Chrysler Town and Country VIN 2C4GP54L65R171232; and
- a 2005 Dodge Caravan VIN number 1D4GP25B75B240466 (collectively the "Vehicles").

**The Auction:**

The sale will be conducted by Paul E. Saperstein Company, Inc., at 144 Center Street,

Holbrook, Massachusetts, on June 19, 2015, at 11:00 am.

The website address of the Auctioneer is: http://www.pesco.com/

The proposed sale procedures are more particularly described in a *Motion of Chapter 7 Trustee for Authority to Sell Estate Property at Public Sale Pursuant to 11 U.S.C. § 363* (the "Motion to Approve Sale") filed with the Court on or about May 15, 2015. The Motion to Approve Sale is available at no charge upon request from the undersigned. Any additional terms and conditions of the sale are available from the Auctioneer.

Terms of sale may be announced at the time of the auction. Any successful bidder who fails to complete the transaction by timely paying the balance of the outstanding bid shall forfeit his or her deposit and shall be liable for any and all damages incurred by the Trustee.

**Warranties and Representations:**

There will be no contingencies in connection with this auction sale. The Vehicles shall be sold in "as is" and "where is" condition with no warranties or representations whatsoever.

**Private Sale:**

In the event the Trustee receives a private offer which he deems acceptable during the time period between this notice and the date of the public auction the Trustee may abandon the sale and accept the private offer. The Trustee shall provide separate notice of such private sale to all parties in interest

**Sale Free and Clear of Liens:**

The Vehicles will be sold free and clear of all liens, claims encumbrances and interests pursuant to 11 U.S.C. § 363(f). Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law. The Trustee is not aware of any liens, encumbrances or other interests in the Vehicles other than potential tax liens of the IRS or Massachusetts Department of Revenue asserted against the Debtor's assets generally

All reasonable and necessary administrative costs in connection with the auction sale, including compensation and expenses for the Trustee, and Trustee's counsel, appraiser and auctioneer, and all transfer, storage, use and occupancy charges will be deducted from the proceeds generated from the sale of the Vehicles prior to the payment of any established liens. The Trustee has attempted in the Motion to Approve Sale to identify all holders of liens, but creditors who believe they hold an interest in the Vehicles and are not so identified, and object to the proposed treatment of creditors holding an interest in the Vehicles, must file an objection to the Motion to Approve Sale.

**Objections:**

Any objections to the sale or requests for hearing on the matter, shall be filed in writing with the Clerk, United States Bankruptcy Court at 5 Post Office Square, Suite 1150, Boston, MA 02109 on or before _____ at 4:30 AM / PM (the "Objection Deadline").  A copy of any objection also shall be served upon the undersigned.  Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized.  Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

**Hearing**:

A hearing on the Motion to Approve Sale and any objections is scheduled to take place on _____ at _____ AM / PM before the Honorable William C. Hillman, United States Bankruptcy Judge, 5 Post Office Square, Suite 1150, Boston, MA 02109.  At the hearing on approval of the sale the Court may determine further terms and conditions of the sale. Any party who has filed an objection is expected to be present at the hearing, failing which the objection may be overruled.  The Court may take evidence at the hearing to resolve issues of fact. If no objection to the Motion to Approve Sale or higher offer is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

Any questions concerning the intended sale shall be addressed to the undersigned.

Dated: May 15, 2015.

        Warren E. Agin, as Trustee,
        By his Attorney,

        /s/Warren E. Agin
        Warren E. Agin (BBO 554242)
        **Swiggart & Agin, LLC**
        197 Portland Street
        Boston, MA 02114
        (617) 742-0110 x203
        wea@swiggartagin.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: | Case No. 15-10624-WCH |
| Churchill Transportation Inc., Debtor. | Chapter 7 |

**Order Allowing Motion of Chapter 7 Trustee for Authority**
**To Sell Estate Property Free and Clear of Liens at Public Sale**

Upon consideration of the motion (the "Sale Motion") of Warren E. Agin, Chapter 7 Trustee in the above-captioned proceeding (the "Trustee"), for authority to sell by public auction (the "Public Auction Sale") the bankruptcy estate's right, title and interest in the following Vehicles:

- a 2006 Ford Crown Victoria VIN 2FAFP71W06X165337;
- a 2008 Ford Crown Victoria VIN number 2FAFP71V68X111633 ;
- a 2008 Ford Crown Victoria VIN 2FAFP71V08X112213;
- a 2008 Ford Crown Victoria VIN 2FAFP71V98X112212;
- a 2008 Ford Crown Victoria 2FAHP71V08X136424;
- a 2005 Chrysler Town and Country VIN 2C4GP54L65R171232; and
- a 2005 Dodge Caravan VIN number 1D4GP25B75B240466 (all are the "Vehicles")

of Debtor described in the Sale Motion and related Notice (the "Notice of Public Auction Sale"), and sufficient notice thereof having been duly given, no objection to the Sale Motion having been filed, and the Court finding that the notice given by the Trustee as set forth in the Certificate of Service filed with the Court was sufficient, it is hereby ORDERED that:

1. The Trustee is authorized to sell the bankruptcy estate's right, title and

interest in the Vehicles identified in the Notice of Public Auction free and clear of all liens, claims, interests and encumbrances, with any and all such interests in the sale of the Vehicles, when established, attaching to the proceeds realized from the Public Auction Sale in the same order of priority subject, if necessary, to later determination by the Bankruptcy Court of the validity, extent, and perfection of such interest.

2. That any creditor and/or party in interest ultimately determined to have an allowed interest in the Vehicles be liable to the estate for the following, to the extent specifically identified in the Sale Motion:

   A. The *pro rata* costs of the sale of the Vehicles;

   B. Costs incurred by the Trustee in the preservation and sale of the Vehicles; and

   C. A proportionate share of the administrative expenses incurred by the Trustee and Trustee's counsel, in preparing and conducting the Public Auction Sale, including any and all use and occupancy charges, and capital gains taxes, if any.

3. The Public Auction Sale be and is authorized in accordance with the Trustee's Sale Motion and the Notice of Public Auction Sale.

4. That the Trustee be and hereby is authorized to use sale proceeds immediately following the Public Auction Sale to satisfy secured claims, to the extent such interests are determined by the Trustee to be valid and perfected.

5. This order shall be effective when entered by the Court, notwithstanding Fed. R. Bankr. P. 6004(h).

_____